Hall, J.
delivered the opinion of the Court:
*109 The first clause in the will, connected with this question, and by which the promises in question are given to Mary Mabson, certainly has only the effect to convey to her an estate for life. The testator has not even expressed an intention of giving away the whole of his estate—a circumstance which in many wills has been much relied upon. But what appears to be all-important in this will, is the clause subsequently inserted, in which he says, “That in “case of the death of any of my aforesaid children, Mary, “&c. without lawful issue, before the time they can get “possession of their respective legacies, the legacy "bequeathed to such child so dying, shall be equally divided “between the survivors or survivor of them, the said “Mary, &c.”
It has been argued, that the word legacy, relates only to personal property. No doubt it would be more correct to use it in that way, but most testators are unacquainted with that circumstance, and apply it indiscriminately to both real and personal property, and so I think the testator did in the case before us. The case in 1. Bur. 268, is so strong an authority in favor of the defendant, that I cannot better discharge my duty than refer to it, as settling the question. It certainly never could be the intention of the testator, that in case Mary died before she got possession of the property willed to her, that the personal property should be divided amongst the survivors, and that the real estate should either go to a residuary devisee, or to the heir at law, as property undisposed of.
I think judgment should be given for the defendant.